**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GISSELLE ALEJANDRA GALLARDO DUARTE,<br>*Petitioner*<br><br>v.<br><br>MIGUEL VERGARA, IN HIS OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR FOR THE SAN ANTONIO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br>*Respondents* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. SA-26-CV-03980-XR |

**ORDER**

On this date, the Court considered this Petition for a Writ of Habeas Corpus (ECF No. 1). Petitioner brought this action challenging the legality of her immigration detention. *See* ECF No. 1. She has since been removed from the country. ECF No. 7.

Even though she is no longer detained, Petitioner argues that her case challenging her detention is not moot and the Court retains jurisdiction. ECF No. 7 at 3. She cites authority supporting the proposition that "a petitioner's subsequent transfer does not deprive the originating court of its authority to grant [habeas] relief . . . provided jurisdiction is proper when the petition was filed. *Id.* at 4; *see also Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."). She contends that removal is "technically a transfer from the Court's jurisdiction to another area." *Id.*

But the distinction here is that Petitioner is no longer detained. *See* 28 U.S.C. § 2241(c) (extending the writ of habeas corpus only to "prisoners" who are "in custody" or must be brought "into court to testify or for trial"). Petitioner's removal cannot be treated as a transfer in custody

because Petitioner is no longer in custody. The conditions giving rise to this challenge to detention no longer exist, so Petitioner's claim is moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) ("[T]he habeas relief [Petitioner] requests . . . can no longer be effected. No 'case or controversy' remains . . . ."); *Nieto-Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014) ("Nieto–Ramirez is no longer being detained by ICE. As a result, even if her claim had merit, this court could not effect the bond hearing that she seeks.").

Petitioner further requests that the Court rule on the legality of her removal. ECF No. 7 at 9. But she has not established that the Court may provide this relief in the context of a habeas petition under 28 U.S.C. § 2241.

Petitioner's Emergency Motion to Rule Against Respondent's Ultra Vires Action of the Petitioner's Removal (ECF No. 7) is **DENIED**. Her Petition (ECF No. 1) is **DENIED AS MOOT**.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this August 20, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE